# In the United States Court of Federal Claims

No. 09-367L
(Filed: April 18, 2017)

```
************************************
```
JOHN P. FURLONG and LAUREN B.      *
PEARCE, husband and wife, et al.,    *
                                     *
For Themselves and As Representatives of  *
a Class of Similarly Situated Persons,    *
                                     *    Rails-to-Trails; Class Action; RCFC 23(e);
          Plaintiffs,                *    Preliminary Approval of Settlement;
                                     *    Notice Plan; Fairness Hearing
v.                                   *
                                     *
THE UNITED STATES,                   *
                                     *
          Defendant.                 *
```
************************************
```

Steven M. Wald, St. Louis, MO, for plaintiffs.

Jessica M. Held, United States Department of Justice, for defendant.

## OPINION AND ORDER

In this Rails-to-Trails action, 271 plaintiffs contend that they own real property adjacent to a 9.14-mile rail corridor in Albany County, New York. They assert that until July 8, 2003, the Delaware and Hudson Railway Company, Inc., d/b/a Canadian Pacific Railway Company, and its predecessors held easements for railroad purposes that crossed their land. According to plaintiffs, defendant United States authorized the conversion of the railroad rights-of-way into recreational trails pursuant to the National Trails System Act, 16 U.S.C. § 1247(d) (2000), conduct that resulted in a taking in violation of the Just Compensation Clause of the Fifth Amendment to the United States Constitution.

On March 4, 2013, upon agreement of the parties, another judge of this court certified the matter as an opt-in class action, and adopted the parties' proposed schedule for providing notice to putative class members and preparing a claims book. Following participation in alternative dispute resolution proceedings, the parties reached a provisional settlement agreement on December 16, 2015. The proposed settlement agreement provides for payment of damages for the alleged taking of plaintiffs' property rights, interest from the date of the alleged taking, and attorneys' fees and costs under the Uniform Relocation Assistance and Real Property Acquisition Policies Act ("URA"), 42 U.S.C. § 4654(c) (2012). Pls.' Mot. 6, ECF No. 144-1. The proposed settlement agreement was subsequently approved by the Surface Transportation Board and the United States Department of Justice.

On February 24, 2017, class counsel moved this court for (1) preliminary approval of the proposed settlement agreement, (2) approval of the notice to class members regarding the proposed settlement agreement, and (3) the setting of a public fairness hearing pursuant to Rule 23(e) of the Rules of the United States Court of Federal Claims ("RCFC"). Defendant does not oppose class counsel's request for preliminary approval of the proposed settlement agreement, but avers that class counsel's proposed notice is insufficient. Defendant thus urges the court to require class counsel to provide additional information via a class website instead of informing plaintiffs that the additional information will be provided upon request. Defendant also contends that the notice should not contain language alluding to the enforcement of private fee agreements. Class counsel counters that other judges have rejected similar requests for class websites and that the proposed notice is not deficient. Class counsel also suggests that the court require in-person participation at the fairness hearing. The court convened a telephonic status conference on April 10, 2017, to discuss the proposed notice. Class counsel provided an updated proposed notice on April 17, 2017.

The motion is fully briefed, and the court considers oral argument unnecessary. For the reasons stated below, plaintiffs' motion for preliminary approval of the proposed settlement agreement is granted.

## I. PROPOSED CLASS ACTION SETTLEMENT AGREEMENT

Court approval is necessary for settlement of a class action. RCFC 23(e). Such approval can only be granted "after a hearing and on finding that [the proposed settlement] is fair, reasonable, and adequate." RCFC 23(e)(2); accord Haggart v. Woodley, 809 F.3d 1336, 1348-49 (Fed. Cir. 2016). "In implementing RCFC 23(e), courts typically review the proposed settlement for a preliminary fairness evaluation and direct notice of the [proposed] settlement to be provided to the class, and then grant final approval of the proposed settlement following notice to the class and a fairness hearing." Lambert v. United States, 124 Fed. Cl. 675, 677 (2015) (citing Barnes v. United States, 89 Fed. Cl. 668, 670 (2009)).

Plaintiffs described the terms of the proposed settlement in their motion for preliminary approval. The proposed settlement agreement was subsequently filed with the court. Each party hired experts to appraise representative properties. These experts made adjustments to determine the value of the remaining easements allegedly taken. Under the terms of the proposed settlement, defendant will pay $13,988,929.28 plus additional interest as follows:

- $6,489,084.21 in just compensation, with awards for individual plaintiffs ranging from $1,300.00 to $440,662.00;

- $5,795,743.34 in interest through April 7, 2017;

- additional interest at 3.74 percent, compounded annually, after April 7, 2017, through the date of payment;

- $1,299,060.20 for attorneys' fees under the URA; and

- $405,041.53 for reimbursement of costs and expenses under the URA.

At the current stage—i.e., the preliminary fairness evaluation—courts typically consider "a variety of factors":

    (i)   whether the settlement agreement appears to be the product of serious, informed, non-collusive negotiations;

    (ii)  whether it improperly grants preferential treatment to class representatives or other members of the class;

    (iii) whether counsel are experienced and have been adequately informed of the facts via discovery; and

    (iv) whether the agreement otherwise has obvious deficiencies.

Barnes, 89 Fed. Cl. at 670. The court neither "reach[es] any ultimate conclusions regarding the merits of the dispute, nor [does it] second guess the settlement terms" at this stage. Id. The court's task at this juncture is merely to examine the settlement agreement for "obvious deficiencies." Thomas v. United States, 121 Fed. Cl. 524, 528 (2015).

Upon review of the record, the court does not find any collusive activity, preferential treatment, or other deficiencies in the proposed settlement agreement. The court further finds that counsel for both parties are aptly experienced and have engaged in extensive discovery. The court therefore preliminarily approves the proposed class action settlement agreement for the purpose of allowing notice to be provided to the class members.[1]

## II. NOTICE PLAN AND FORMS

When parties seek to resolve class action litigation through settlement, RCFC 23(e)(1) requires the court to "direct notice in a reasonable manner to all class members who would be bound by the proposal." A settlement notice "must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Haggart, 809 F.3d at 1349 (internal quotation marks omitted). This principle is "equally applicable in the context of the provision of additional information." Id. Therefore, class counsel must, "either by notice or the method by which additional information is provided, . . . provide all necessary information for any class member to become fully apprised and make any relevant decisions" in order to pass constitutional muster and meet the requirements of RCFC 23(e). Id. (internal quotation marks omitted).

---

[1] Preliminary approval, although nonbinding, "establishes an initial presumption of fairness." Barnes, 89 Fed. Cl. at 670 (internal quotation marks omitted).

Class counsel proposes to use the notice and forms attached to its motion for approval of notice. Defendant, on the other hand, proposes to use the notice and forms attached to its response to class counsel's motion. Following a status conference regarding the proposed notice, class counsel revised its proposed notice and forms. The court **ADOPTS** class counsel's revised notice and forms, which are attached to this opinion and order.

The approved notice and forms shall be provided via United States mail to each member of the opt-in class. Additional notice by publication via the Internet or otherwise is not necessary because the notice provided by mail is sufficient for each class member "to become fully apprised and make any relevant decisions."[2] Haggart, 809 F.3d at 1349 (internal quotation marks omitted). Specifically, the notice details the appraisal process, discusses the terms of the proposed settlement, provides individualized recovery amounts, lists relevant documents, and explains how to obtain additional information (which class counsel has agreed to provide). The forms will allow class members to request to speak at the fairness hearing and to submit comments in advance of the hearing. The parties shall abide by the following notification schedule:

1. Class counsel shall mail the approved notice and forms to class members **by no later than April 22, 2017**.

2. Class members shall submit to class counsel the form indicating whether they approve of or object to the settlement and whether they wish to appear at the fairness hearing **by no later than May 22, 2017**.

3. Class counsel will serve defendant with copies of all forms received by class members, and file the same with the court (with personal identifying information, other than names, redacted) **by no later than June 1, 2017**.

### III.  FAIRNESS HEARING

The court will conduct a fairness hearing to determine whether it should grant final approval of the proposed settlement on **Tuesday, June 13, 2017 at 11:00 a.m. (EDT)**. The fairness hearing will be held telephonically. Class counsel, and any class members who wish to appear in person, shall participate from a courtroom in Albany, New York; defense counsel may also participate from Albany. If a sufficient number of class members indicate that they wish to appear at the fairness hearing in person, the undersigned will also travel to Albany. Otherwise,

---

[2] Class action notice plans that do not provide for the creation of a dedicated website have been approved by other judges of this court as "reasonable and adequate to alert class members of their rights and obligations under the terms of the proposed settlement and to afford them opportunity to comment on or object to the proposed settlement in advance of the fairness hearing." Jenkins v. United States, No. 09-241L, 2017 WL 712759, at *2 (Fed. Cl. Feb. 22, 2017) (unpublished order); accord Greenwood v. United States, No. 10-15L, 2017 WL 361121, at *3-4 (Fed. Cl. Jan. 25, 2017) (unpublished order).

the undersigned and defense counsel (if not in Albany) will participate from a courtroom at the Howard T. Markey National Courts Building in Washington, DC. The court will notify the parties when it has secured a courtroom in Albany, and will provide the parties with call-in information for the class members who wish to appear by telephone in advance of the hearing.

      **IT IS SO ORDERED.**

                      s/ Margaret M. Sweeney
                      MARGARET M. SWEENEY
                      Judge